**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60055-STRAUSS**

**WILLIANNE ETIENNE,**

      Petitioner,

v.

**JASON REDDING QUINONES** et al.**,**

      Respondents.

_____/

## <u>REPORT AND RECOMMENDATION</u>

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order,[1] I am issuing a Report and Recommendation.[2] For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that any pending motions be **DENIED as moot**.

## <u>BACKGROUND</u>

On January 9, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See generally* [DE 1]. According to Petitioner, she is "being held hostage because of

---

[1] Petitioner has not consented to magistrate-judge jurisdiction, so I can only issue a report and recommendation, not a dispositive order of dismissal. Even if Petitioner consented, it is unclear whether a habeas petition is a "civil matter" within the scope of 28 U.S.C. § 636(c). *See, e.g.*, *Brown v. United States*, 748 F.3d 1045, 1065 n.48 (11th Cir. 2014) ("[T]he question of whether § 636(c) authorizes a magistrate judge to enter final judgment on a federal prisoner's § 2241 motion is not before us."); *see also Harris v. Nelson*, 394 U.S. 286, 293-94 (1969) ("It is, of course, true that habeas corpus proceedings are characterized as 'civil.' But the label is gross and inexact. Essentially, the proceeding is unique. Habeas corpus practice in the federal courts has conformed with civil practice only in a general sense." (citation omitted) (footnote omitted)).

[2] I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court.

statements [she] made regarding the election . . . ." *Id.* at 2. More specifically, Petitioner states she is "being held as an unidentified person under a code/alias by the Department of Defense as a mental prisoners [sic]." *Id.* at 1. Petitioner also states, "Im [sic] attached/access by [sic] a technology with out [sic] consent, the DOD senior officials refuse to release me." *Id.* The technology is allegedly being used to "inflict pain" on her. *Id.* at 6. The technology, according to Petitioner, can also "share and record" her private thoughts. *Id.* Petitioner elsewhere states, "The Department of Defense have my house and all properties under control remotely." *Id.* Additionally, Petitioner makes references in the petition to being kept in "bondage," being subject to "abuse" and "experimentation," being "enslaved" since she was a minor, and being blocked from accessing an attorney. *Id.* at 1-3. Yet the petition does not appear to state that Petitioner is currently in physical custody at any kind of formal detention center run by federal or state authorities. *See id.* at 1-8. It also does not appear to detail whether Petitioner is serving time for a conviction. *Id.*

After a *sua sponte* review of the record, I issued an order to show cause directed at Petitioner. *See generally* [DE 4]. The order to show cause required Petitioner to file a memorandum of law addressing how the Court had subject-matter jurisdiction and why the action should not be dismissed as duplicative or cumulative of the action Petitioner had pending before U.S. Magistrate Judge Panayotta Augustin-Birch.[3] *Id.* at 1-3. I gave Petitioner until February 3, 2026, to file a response to the order to show cause. *Id.* at 3. However, Petitioner failed to file a response or seek an extension of time within which to do so. Over two months have now passed since the deadline, and Petitioner still has not filed any response (or anything else in the case).

---

[3] Judge Augustin-Birch has since dismissed the duplicative action without prejudice based on the petition being frivolous. *See Etienne v. Hansell*, No. 26-CV-60006, slip op. at 2-3 (S.D. Fla. Mar. 17, 2026), [DE 6]. The habeas petition in that case contained the same core of facts and many of the same parties.

Therefore, the case should be dismissed without prejudice based on the apparent lack of subject-matter jurisdiction and Petitioner's failure to comply with the order to show cause.

### ANALYSIS

"Federal courts are courts of limited jurisdiction." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice." (citation omitted)).

In the context of a habeas petition brought under § 2241, a petitioner must be "in custody" for the Court to have subject-matter jurisdiction. *Romero v. Sec'y, U.S. Dep't of Homeland Sec.*, 20 F.4th 1374, 1378 (11th Cir. 2021); *see Howard*, 776 F.3d at 775. Although a petitioner does not need to be physically confined, they still must show that "they are subject to a significant restraint on their liberty that is not shared by the general public." *Howard*, 776 F.3d at 775 (citation omitted)). The problem here, however, is that what Petitioner alleges, i.e., some type of mental imprisonment, does not resemble the circumstances that courts have extended habeas review to. *See id.* (referring to parole, release on recognizance pending execution of a sentence, and bail); *see also Romero*, 20 F.4th at 1379 (holding that immigrant facing deportation was "in custody" because she was subject to a myriad of stringent supervision requirements not shared by the public).

Even so, the order to show cause gave Petitioner an opportunity to address whether there was subject-matter jurisdiction. Yet, for whatever reason, Petitioner failed to comply with the order. This failure to comply with the order to show cause thus provides the Court with an additional basis to dismiss the action. *See Daise v. Washington*, No. 21-10281, 2022 WL 405404, at *3 (11th Cir. Feb. 10, 2022) ("[Eleventh Circuit] authority permits a district court to dismiss a claim if the plaintiff fails to prosecute or fails to comply with a court order." (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009))); *cf. McCauley v. Warden, FCC Coleman - Low*, No. 5:17-CV-609-OC-02PRL, 2019 WL 3068387, at *2 (M.D. Fla. July 12, 2019) (dismissing habeas petition brought under § 2241 for failure to comply with court orders, including order to show cause).

### CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that any pending motions be **DENIED as moot**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[4] Failure to timely file objections shall bar the parties from a de novo determination by a District

---

[4] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of April 2026.

Jared M. Strauss
United States Magistrate Judge