**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60055-STRAUSS**

**WILLIANNE ETIENNE,**

      Petitioner,

v.

**JASON REDDING QUINONES** et al.**,**

      Respondents.

_____/

**<u>ORDER DIRECTING CLERK TO REASSIGN CASE TO DISTRICT JUDGE</u>**

THIS MATTER comes before the Court *sua sponte*. This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. For the reasons more fully discussed in my Report and Recommendation (entered contemporaneously with this Order), I find that dismissal of this case is warranted. However, because Petitioner has not consented to my jurisdiction as the presiding judge in this matter, I do not presently have authority to issue a dispositive order. *See* 28 U.S.C. § 636(b)(1)(A); *id.* § 636(c)(1).[1]

Therefore, <u>I hereby **ORDER** the Clerk of Court to randomly reassign this case to a United States District Judge, keeping the undersigned United States Magistrate Judge assigned to the case in accordance with Administrative Order 2025-11</u>.

---

[1] Even if the undersigned U.S. Magistrate Judge obtained the parties' consent, it is unclear whether a habeas petition is a "civil matter" within the scope of § 636(c). *See Brown v. United States*, 748 F.3d 1045, 1065 n.48 (11th Cir. 2014) ("[T]he question of whether § 636(c) authorizes a magistrate judge to enter final judgment on a federal prisoner's § 2241 motion is not before us."); *see also Harris v. Nelson*, 394 U.S. 286, 293-94 (1969) ("It is, of course, true that habeas corpus proceedings are characterized as 'civil.' But the label is gross and inexact. Essentially, the proceeding is unique. Habeas corpus practice in the federal courts has conformed with civil practice only in a general sense." (citation omitted) (footnote omitted)).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of April 2026.

Jared M. Strauss
United States Magistrate Judge